IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES CARROLL LOGUE, III, # 420350   *

Plaintiff,   *

v.   *   Civil Action No. JKB-14-3781

DISTRICT COURT OF HARFORD COUNTY   *
JUDGE VICTOR BUTANIS
   *

Defendants.
\*\*\*

## MEMORANDUM

James Carroll Logue III, an inmate at Roxbury Correctional Institution, is suing the District Court of Harford County and Judge Victor Butanis.[1] Logue seeks injunctive relief to have his name and picture removed from the Sex Offender Registry. (ECF 1, p. 3). Logue's motion to proceed in forma pauperis (ECF 2) will be granted for the purpose of preliminary review.

Logue complains that when he pleaded guilty to fourth-degree sex offense in the District Court for Harford County on November 7, 2005, in case 1R00047706, Judge Butanis did not order him to register as a sex offender.[2] Logue did not register upon his release and was arrested again. Logue claims he was informed by corrections staff that he was required to register as a sex offender or he would "receive a new charge." According to Logue, he "registered because I was in fear of getting a new charge. There is nothing in my case file that says I have to register." (ECF 1, p. 3).

---

[1] Judge Victor Butanis is an associate judge for the Ninth District Court in Harford County.

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=1R00047706&loc=34&detailLoc=DSCR.

This complaint is filed under 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

This court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A complainant who submits an inartfully pled action which contains a potentially cognizable claim should be given the opportunity to particularize his complaint in order to define his issues. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Section 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff does not identify a constitutional provision or federal law allegedly violated by Defendants. Further, the District Court of Harford County is not a "person" who can be sued under the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) (unpublished) (affirming the district court's § 1915A dismissal on the ground that a jail is "not a 'person'" and therefore not amenable to suit under § 1983).

To the extent this action seeks to sue Judge Victor Butanis, judges are entitled to immunity to suit in the performance of their judicial functions. *See Mireless v. Waco*, 502 U.S. 9, 13 (1991). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Id.* (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judicial immunity is a shield from suit, not just from assessment of damages. *Mireless*, 502 U.S. at 11.

The Federal Courts Improvement Act, Pub. L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable. Based on this amendment, courts have held that § 1983 limits the type of relief available to plaintiffs who sue judicial officers for declaratory relief. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003). While prospective relief may be available against state court judges whose actions violate federally protected rights, such relief is not available here as no abridgement of a federal right is

identified or otherwise suggested. Notably, plaintiff does not allege that the prerequisites for injunctive relief have been satisfied. In sum, Judge Butanis is immune from suit and entitled to dismissal.

As a final matter, the court notes federal district courts have no mandamus jurisdiction over state employees. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). For these reasons, defendants are entitled to dismissal as a matter of law.[3]

A separate Order will follow.

DATED this __11__ day of December, 2014.

BY THE COURT:

James K. Bredar
United States District Judge

---

[3] Of course, plaintiff may pursue relief in state court as may be appropriate. This court expresses no opinion as to the merits of these claims.

4